Morris E. Spector, J.
This is an application for the appointment of an ancillary committee. The alleged incompetent was married in 1912 and lived with her husband in The Bronx until 1951. In or about November, 1951, the incompetent left the home in which they had lived and moved to California. There is no indication that the conduct of the husband would entitle the wife to a separation or divorce, nor was there a formal agreement or judicial decree of separation or divorce. There is also no showing- that the husband ever objected to his wife’s departure. He remained at the home, which was owned by the wife, until 1955. Until his death, he supported the wife and maintained her investments. The wife resided in a furnished apartment in California until the Spring of 1952, when she returned to New York to attend the wedding of a son. She spent that summer with a brother in Vermont, then stayed at the Bronx home until November, when she returned to California. In November, 1953 she again returned to New York, stayed at the Bronx home a few days, then moved to a hotel *731 before returning to California in 1954. This time she rented an unfurnished apartment, purchased the necessary articles to set up housekeeping, and resided there until May or June of 1955, when she entered a sanitorium. At the outset she was free to come and go, until late in 1956 when she was permanently confined. On December 4, 1958, she was declared incompetent by a California court. The husband resided at the Bronx home until a son and his family moved in. Thereafter, until his death, he lived at hotels, clubs or hospitals in this State. The husband was a partner in a brokerage firm. He maintained investments for his wife there, over which he exerted exclusive control. That company prepared New York State resident income tax returns for her and paid the taxes. Her medical bills and living expenses were paid from that account, as were the real estate taxes for the Bronx home. She never exercised any dominion or control over these affairs, her husband issuing all orders or requests in connection therewith. The husband died on November 9, 1958, a resident of and domiciled in the State of New York, and the declaration of incompetency followed about a month later.
The first and most important question is, was the wife domiciled in California?
Upon marriage, the wife acquires her husband’s domicile by operation of law, and thereafter her domicile ordinarily follows her husband’s, except that under some circumstances of marital misconduct she may establish a separate domicile (Matter of Daggett, 255 N. Y. 243). It may be that a husband and wife can agree that she maintain a separate domicile or that the husband may consent to such change of domicile. However, to effect a change of domicile there must be a change of residence coupled with the intention to abandon the former domicile and acquire the new one as the sole domicile (Matter of Trowbridge, 266 N. Y. 283, 289). Once domiciled, the presumption is that it continues until the contrary is shown, and the party asserting that there has been a change of domicile has the burden of proving it (Matter of Newcomb, 192 N. Y. 238, 250).
On the papers before the court the petitioner has failed to sustain this burden, having failed to establish either justification for, or assent to a change of domicile. Accordingly, the petitioner having failed to show that the alleged incompetent changed her domicile to California, this motion for an ancillary committee must be denied (Matter of Cline, 283 App. Div. 1011).
However, the denial of the motion for appointment of an ancillary committee under section 1363 of the Civil Practice Act does not preclude the petitioner nor bar the court from *732 proceeding under section 1364 of the Civil Practice Act. It presumptively appears that this is a case specified in article 81, and that a committee ought to he appointed. Therefore the court directs that a commission issue to Burton A. Schenley, Esq. of 450 Seventh Ave., N. Y .Ci, who is hereby appointed commissioner herein, and he shall direct the Sheriff of the City of New York, Bronx County Division, to cause the County Clerk to draw and summon a jury to inquire into the incompetency of Johanna V. Burning, and whether she is incapable of managing her person and property by reason of unsound mind, and also into the value of the real and personal property owned by said Johanna Y. Burning, and the amount of her annual income, and as to her presumptive heirs at law and next of kin. The special guardian heretofore appointed shall continue to act in this proceeding to protect the interests of the alleged incompetent. The special guardian shall inquire into the advisability of dispensing with the presence of the alleged incompetent upon the foregoing inquiry and shall report to the court thereon with his recommendation. Pending rendition of the jury’s verdict, the balance of the relief which may be required shall be held in abeyance.
Settle order.